IN THE UNITED STATES BANKRUPTCY COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

GALVESTON DIVISION

```
IN RE                          )
                               )
MICHAEL AUGUSTUS,              )   CASE NO. 05-83177-G3-7
                               )
        Debtor                 )
                               )
```

MEMORANDUM OPINION

The court heard "Texas First Bank's Motion For Order To Show Cause and For Civil Contempt" (Docket No. 28) and after review of the pleadings, evidence and testimony, the court makes the following Findings of Fact and Conclusions of Law. A separate Judgment will be entered holding Michael Augustus, Debtor, in civil contempt and ordering him to pay the amount of $7,455.19 to Texas First Bank ("Movant") representing sanctions and reimbursement of attorney's fees and costs for Debtor's failure to comply with the court's April 28, 2006 order compelling his attendance at a Bankruptcy Rule 2004 examination. To the extent any of the Findings of Fact are considered Conclusions of Law, they are adopted as such. To the extent any of the Conclusions of Law are considered Findings of Fact, they are adopted as such.

FINDINGS OF FACT

Debtor, Michael Augustus, filed a voluntary Chapter 7 bankruptcy proceeding on October 14, 2005. Docket No. 1. Upon

Movant's request, Debtor's attorney, R. R. Rainosek, agreed to produce Debtor for a 2004 examination scheduled for April 6, 2006. Movant noticed out the examination. Movant's Exhibit No. 1. Rainosek advised the court at the hearing on the instant motion that he notified the Debtor of the scheduled examination. Movant's Exhibit Nos. 2-6, correspondence from R. R. Rainosek to Michael Augustus. Debtor failed to attend the April 6, 2006 examination. Movant's Exhibit No. 7, Certificate of Non-Appearance.

Movant filed a Motion to Compel Debtor's attendance (Docket No. 17), no response was filed by Debtor, and the court issued an Order dated April 28, 2006, compelling the Debtor to appear at another 2004 examination. Docket No. 18. The Order scheduled the 2004 examination for June 14, 2006. However, due to scheduling conflicts, this 2004 examination was rescheduled for June 21, 2006 by agreement of counsel and noticed out by Movant. Movant's Exhibit Nos. 9 and 11.

At the hearing on the instant motion, Rainosek advised the court that he spoke with Debtor on two occasions regarding the June 21, 2006 examination. Rainosek advised Debtor of the court's order compelling his attendance at the June 21, 2006 examination and emphasized to Debtor the importance of Debtor's appearance. Rainosek also sent letters to Debtor regarding his required attendance at this 2004 examination. Movant's Exhibit Nos. 10 and 12.

At the hearing on the present motion, Rainosek advised the court that he received a telephone call from the Debtor, either on the morning of June 21, 2006, or on the evening of June 20, 2006.  The Debtor advised Rainosek that he would not be appearing at the scheduled 2004 examination.  Debtor did not appear on June 21, 2006 and a Certificate of Non-Appearance was issued.  Movant's Exhibit No. 15.  Movant filed the instant motion requesting the court hold Debtor in civil contempt and that sanctions be awarded.  Debtor did not filed a response to this motion.

The court finds that Debtor was aware of his required attendance on June 21, 2006.  The court finds that Debtor intentionally violated the court's order dated April 28, 2006 compelling Debtor's attendance at the Bankruptcy Rule 2004 examination set for June 21, 2006.  The court finds Debtor to be in civil contempt of court.

Movant incurred unnecessary attorney's fees and costs and had to utilize judicial resources on more than one occasion in its attempts to take Debtor's 2004 examination.  Movant's counsel, Mynde S. Eisen, testified that attorney's fees in the amount of $4,800 and expenses in the amount of $2,655.19 were incurred by First Texas Bank from the first 2004 examination set for April 6, 2006 to the hearing on the instant motion.  In connection with the fees incurred, $3,150 represents Ms. Eisen's fees for 12.2 hours at

an hourly rate of $250. The amount of $1,162.50 represents fees charged by Ms. Eisen's "associate/law clerk" for 9.3 hours charged at $125 per hour. Fees of $427.60 and $60 represent fees for services rendered by Ms. Eisen's paralegals, who are billed at $75 per hour. Ms. Eisen testified that the expenses incurred include, but are not limited to, costs for issuance of two Certificates of Non-Appearance, subpoenas, process servers, delivery charges, postage and copying.

The court sanctions Debtor for his deliberate and recalcitrant actions and his violation of the court's Order of April 28, 2006. The court allows as sanctions the amount of $7,455.19, representing reasonable attorney's fees and costs.

## CONCLUSIONS OF LAW

The court has jurisdiction over civil contempt proceedings under 28 U.S.C. § 157, 11 U.S.C. § 105 and Federal Rule of Bankruptcy Procedure 9020. *See In re Terrebone Fuel and Lube*, 108 F. 3d 609 (5th Cir. 1997); *In re Abacus Broadcasting Corp.*, 150 B.R. 925 (Bankr. W.D. Tex. 1993). A civil contempt proceeding is a core proceeding under 28 U.S.C. § 157(b)(2). *See Kellogg v. Chester*, 71 B.R. 36 (N.D. Tex. 1987). In a civil contempt proceeding, the moving party need only show that a court order was in effect, the order required certain conduct by the respondent, and the respondent failed to comply with the court's order. *See F.D.I.C. v. LeGrand*, 43 F.3d 163 (5th Cir. 1995).

4

Bankruptcy Rule 2004 is the basic discovery device in bankruptcy cases.  In addition to appearing at the meeting of creditors and being examined under oath, the debtor may also be required to submit to examination under Rule 2004.  Rule 2004(c) states that all entities may be compelled to attend the examination or produce documents by the manner provided in Bankruptcy Rule 9016 for the attendance of witnesses at a hearing or trial.  Bankruptcy Rule 9016 incorporates Federal Rule of Civil Procedure 45 which allows issuance of a subpoena for witness or document production.

When the debtor fails to appear voluntarily, the debtor may be compelled to attend under Rule 2005.  Sanctions may be imposed if the debtor refuses to cooperate.  *See* 9 Collier on Bankruptcy ¶ 2004.03 (Alan N. Resnick & Henry J. Sommer eds., 15th ed. rev.); *United States v. Martin-Trigona*, 759 F.2d 1017, 1019-20, 1026 (2d Cir. 1985).  A court may impose fines in civil contempt proceedings to compensate a party for unnecessary injuries suffered and costs incurred because of contemptuous conduct.  *See United States v. United Mine Workers*, 67 S.Ct. 677 (1947); *Petroleos Mexicanos v. Crawford Enters., Inc.*, 826 F.2d 392 (5th Cir. 1987).

Based upon the above findings and conclusions, the court will enter a Judgment in conjunction with this Memorandum Opinion finding Michael Augustus, Debtor, in civil contempt of court and ordering him to pay the amount of $7,455.19 to Movant representing

sanctions and reimbursement of attorney's fees and costs for Debtor's violation of this court's Order dated April 28, 2006.

Signed at Houston, Texas on this 18th day of January, 2007.

_____
LETITIA Z. CLARK
UNITED STATES BANKRUPTCY JUDGE